UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE COLEMAN, | No. 2:24-cv-02248 DAD AC PS |
| Plaintiff, | |
| v. | ORDER |
| XIAOYAN FANG and YE FENG, | |
| Defendants. | |

Plaintiff is proceeding in this action pro se, and the action was accordingly referred to the undersigned for pretrial proceedings by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff requests authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis ("IFP") and has submitted the required affidavit. ECF No. 2. That motion is granted.

I. SCREENING

Granting IFP status does not end the court's inquiry, however. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, plaintiff sues her former landlords, Xiaoyan Fang and Ye Feng. ECF No. 1 at 2. At all relevant times, defendants owned a two-unit duplex in Sacramento, California. Id. Plaintiff resided at the subject property between September 15, 2017 and July 8, 2021. Id. at 3. The initial

1  lease was from September 15, 2017, through September 30, 2018, and the rental was month-to-
2  month thereafter.  Id.  Plaintiff met with Fang initially, with her then-husband and children to sign
3  a lease for the three-bedroom unit.  After the lease was signed, Feng realized that plaintiff had
4  divorced her husband and was now moving into the unit as a single person.  Id. at 3-4.  Feng told
5  plaintiff he wished he had known that she was getting divorced because the unit she was moving
6  in to was too big for a single person, and there was a one-bedroom unit available at another
7  property.  Id. at 4.  After plaintiff moved in and repeatedly throughout 2018, plaintiff alleges Fang
8  contacted plaintiff and tried to convince her to move into the smaller unit, even though plaintiff
9  told Fang that she could afford the rent in the larger unit.  Id.  In or around July 2019, Fang asked
10 plaintiff if she was still married, and when plaintiff replied that she was not, Fang told her she
11 could not stay in the three-bedroom unit because that unit was intended for a family with children.
12 Id.  The same happened in August of 2019 and through early 2020.  Id. at 4-5.
13       On June 1, 2021, due to pressure from Fang, plaintiff decided to move.  ECF No. 1 at 6.
14 On or about June 1, 2021, plaintiff provided written notice of her intent to vacate the property on
15 or before July 8, 2021.  Id.  On June 29, 2021, Fang responded to plaintiff to set up a time to walk
16 through the unit and return the keys.  Id.  The next day, Fang sent an email focusing on plaintiff's
17 family size.  Id.  Plaintiff responded with an email accusing Fang of harassment and family size
18 discrimination.  Id.  In response, Fang sent an email listing line items for repair costs and stating
19 that plaintiff would get a full refund if she could move on time to the new lease in the smaller
20 unit.  Id.  Plaintiff vacated the property on or about July 8, 2021.  Id. at 7.  In a letter dated July
21 16, 2021, Fang accused plaintiff of "backstabbing" by changing the locks, which plaintiff asserts
22 she did not do.  Id.  Fang kept plaintiff's $1,500 security deposit.  Id. at 8.
23       On April 13, 2022, plaintiff filed a complaint with The U.S. Department of Housing and
24 Urban Development ("HUD") alleging that Fang had harassed and discriminated against her
25 based on familial status.  Id. at 7.  HUD completed an investigation and attempted conciliation
26 without success and prepared a final investigative report.  Id. at 9.  On December 30, 2023, HUD
27 issued a Charge of Discrimination pursuant to 42 U.S.C. § 3610(g)(2)(A), charging defendant
28 with engaging in discriminatory housing practices.  Id. at 9.  On April 24, 2024, plaintiff timely

elected to have the claims asserted by HUD in a civil action under 42 U.S.C. §3612(a).  Id.

The complaint before the court presents a single cause of action for violation of familial status discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3604.  Id. at 9-10.  The court finds, for screening purposes only, that plaintiff's claims are sufficiently cognizable.

## II.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. The motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Service of the Complaint (ECF No. 1) is appropriate for the following defendants:
   - Xiaoyan Fang
   - Ye Feng

3. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.

4. The Clerk of the Court shall send plaintiff the above: one USM-285, one summons, a copy of the complaint, and an appropriate form for consent to trial by a magistrate judge.

5. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and shall promptly file a statement with the court that said documents have been submitted to the United States Marshal</u>. The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant in ¶ 2, above, at least:

   a. One completed summons;

   b. One completed USM-285 form;

   c. One copy of the endorsed filed complaint, with an extra copy for the U.S. Marshal;

   d. One copy of the instant order; and

   e. An appropriate form for consent to trial by a magistrate judge.

6. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on any defendant within 90 days from the date of this order, the Marshal is directed to report that

fact, and the reasons for it, to the undersigned.

7. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

8. Failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

DATED: October 17, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE COLEMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>XIAOYAN FANG and YE FENG,<br><br>　　　　　Defendants. | No.  2:24-cv-02248 DAD AC (PS)<br><br><br>NOTICE OF SUBMISSION |

　　　　Plaintiff has submitted the following documents to the U.S. Marshal, in compliance with the court's order filed _____:

　　　　\_\_\_\_ completed summons form

　　　　\_\_\_\_ completed USM-285 form

　　　　\_\_\_\_ copy of the complaint

　　　　\_\_\_\_ completed form to consent or decline to consent to magistrate judge jurisdiction

_____   　　　　_____
Date    　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff's Signature

1