UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>XIAOYAN FANG and YE FANG,<br><br>Defendants. | No. 2:24-cv-02248 DAD AC PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. The action was accordingly referred to the undersigned for pretrial matters by E.D. Cal. R. ("Local Rule") 302(c)(21). On August 19, 2024, on the same day she filed her complaint, plaintiff filed a motion for injunctive relief. ECF No. 3. The only information on the motion for an injunction is "SEE VAWA COMPLAINT ATTCHED HERETO AS COMPLAINT." The complaint alleges housing discrimination related to a unit that plaintiff vacated in July of 2021. ECF No. 1 at 7-9. Attached to the complaint is a copy of a restraining order issued in 2023 against plaintiff's ex-husband. ECF No. 1 at 13-19.

"A preliminary injunction is an 'extraordinary and drastic remedy' ... never awarded as of right." Munaf v. Geren, 553 U.S. 674, 689 (2008) (internal citations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Assn, Inc. v. City

of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).  "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Oakland Trib., Inc. v. Chron. Pub. Co., 762 F.2d 1374, 1376 (9th Cir. 1985) "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

Here, plaintiff has not articulated any legal or factual basis for a preliminary injunction and, importantly, she has not shown a possibility of irreparable harm.  According to the complaint, plaintiff has not been living in the defendants' unit for more than three years.  To the extent plaintiff is asking the court to issue an injunction against her ex-husband, the court cannot do so because her ex-husband is not a defendant in this case.  The restraining order attached to the complaint is unrelated to the substance of plaintiff's only legal claim (a Fair Housing Act violation) against the only defendants in this case, her former landlords.  There is no basis for a preliminary injunction and the motion should be denied.

Therefore, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 3) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of  28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 17, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE